Greg K. Hafif. Esq. (SBN 149515)
E-mail: ghafif@hafif.com
Fenja Klaus, Esq. (SBN 224498)
E-mail: fklaus@hafif.com
**LAW OFFICES OF HERBERT HAFIF, APC**
269 West Bonita Avenue
Claremont, California 91711-4784
Telephone: (909) 624-1671
Facsimile: (909) 625-7772

Attorneys for PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MARGARET REED, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>COUNTY OF ORANGE and DOES 1 through 10,<br><br>Defendants.<br><br>Defendants. | Case No. SA CV 05-1103 CJC (ANx)<br>Assigned for all purposes to:<br>Honorable Cormac J. Carney, Crtrm 9B<br><br>**DECLARATION OF GREG K. HAFIF IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Date: January 9, 2012<br>Time: 3:30 p.m.<br>Courtroom: 9B |

I, Greg Hafif, declare as follows:

1. I am an attorney at law duly licensed to practice law before all Courts in the State of California, Central District of California, and the United States Supreme Court. I am one of the attorneys of record for Plaintiffs in this action. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of the Action pursuant to the FLSA and Rule 23 of the Federal Rules of Civil Procedure. I have personal knowledge of the facts stated herein. If called upon to testify, I could and would competently testify as follows:

2. I was the primary attorney responsible for the handling of this matter. I have been familiar with the day-to-day activities involved in the case, including all significant motions and rulings in this matter. I was also the lead attorney in the settlement negotiations of the matter, including Mediation with Retired Justice Howard B. Weiner on December 17, 2010, and subsequent follow-ups with him. Following those discussions, further negotiations occurred between counsel over a period of approximately six months. After lengthy negotiations, the parties were able to come to a final proposal to settle the matter.

## THE EXPERIENCE, REPUTATION AND ABILITY OF COUNSEL

3. I graduated from the University of La Verne in 1987 with two B.S. degrees, one in Political Science, and the other in Business Administration. I graduated from Pepperdine School of Law in 1990 and was admitted to practice in the State of California in December 1990. In my first year of practice as counsel with Herbert Hafif, we received a record-breaking $45 million wrongful termination verdict against Lockheed for three individuals. I have been consistently trying two to four civil cases per year.

4. I am the managing attorney for the Law Offices of Herbert Hafif in Claremont, California, one of the most successful and nationally recognized trial law firms in the country. I am one of California's leading civil trial lawyers producing numerous million dollar verdicts, including the 10th largest verdict in the State of California in 1995, in an antitrust matter in Victorville, California, the same year my father, Herbert Hafif, produced the fourth largest verdict in the State of California.

5. My accomplishments have been featured in numerous publications throughout the state including *California Lawyer Magazine*, the *Los Angeles Times* and the *Los Angeles Daily Journal, London Financial Times, USA Today and the Wall Street Journal*. I have been on the local news in Los Angeles, CNN, the

'Today' show on NBC, with some of my cases also featured on ABC's 20/20 News show. I am a member of the Consumer Attorneys of California and Consumer Attorneys Association of Los Angeles. I am a frequent lecturer to various legal associations on trial strategy and techniques and am recorded in the Marquis Who's Who in American Law.

6. I currently serve as Vice Chairman of the Board for Balboa Thrift and Loan, and I am a member of the Board of Visitors for the University of La Verne Law School. A list of class action cases that I and/or the office, with the direction of myself, have worked on or was certified as class counsel *include but are not limited to* the following:

**LIST OF CLASS ACTION CASES**

7. a. *Barnicle v. American General*, San Diego County Superior Court, Case Number EC011865;

b. *Byrd .v Spring Corporation*, Jackson County, Missouri Circuit Court, Case Number CV 92-18979;

c. *Rodriguez v. Metropolitan Life*, Kern County Superior Court, Case Number 235846 SPC;

d. *Killacky, et al. v. General Dynamics Corp.*, Los Angeles Superior Court, Case Number KC011573;

e. *Lukens v. The Ohio State Life Ins.*, Los Angeles County Superior Court, Central District, Case Number BC 263545;

f. *Sueoka v. United States, United States District Court*, Central District of California, Case Number 989-6313 MM (Rex);

g. *Simmons v. DHL Worldwide Express, Inc.*, San Bernardino County Superior Court, Rancho Cucamonga District, Case Number RCVRS 080128 – consolidated and lead counsel in Los Angeles Superior Court, Case Number BC 312798;

/ / /

h. Coordination Proceeding Special Title (Rule 1550(b)), The Great Escape Promotion Cases, JCCP Case Number 4343;

I. *Massey, et al. v. Shelter Life Insurance Co.*, Jackson County, Missouri, Case Number 01CV229955;

j. *Richard S. v Dept. of Development Services of the State of California*, United States District Court, Central District, Southern Division, Case Number SACV97-219(GLT);

k. *Harrison, et al. v. Rainforest Café, Inc., et al*, Superior Court, County of San Bernardino, Case Number RCV085879;

l. *Saeger, et al. v. Pacific Life Insurance Company, et al.*, United States District Court, Central District, Southern Division, Case Number SA02-314AHS (MLGx);

m. *Boyce, et al. v. Sport and Fitness Clubs of America*, United States District Court, Southern District of California, County of Orange, Case Number 03CV2140-BEN(BLM);

n. *Simon v. Walt Disney World Co.*, Superior Court, California, County of Fresno, Case Number 594786-6;

o. *Vucinich v. City of Los Angeles*, Case Number CV06-249 RSWL (CWX) United States District Court, Central District of California;

p. *Lanzarone v. Guardsmark LLC*, Case Number CV06-1136R (PLAx) United States District Court, Central District of California;

8. The cases of *Simmons*, *Harrison*, *Boyce*, *Vucinich*, and *Lanzarone* are all wage and hour class actions.

9. On December 21, 2005, Plaintiffs filed the First Amended Complaint against the County of Orange (the "City") alleging that the City had violated the Fair Labor Standards Act ("FLSA"). (Dkt. No. 7.) On February 12, 2007, this Court granted, in part, the Motion for Certification of Collective Action for the purpose of sending a notice to potential class members of the pendency of the action under

*Hoffmann-LaRoche v. Sperling*, 493 U.S. 165 (1989). (Dkt. No. 12.) The Notice was distributed, and approximately 700 deputies joined this action. On December 17, 2007, this Court granted Plaintiffs' Motion for Reconsideration to include a claim for missed meal periods. (Dkt. No. 772.) A second notice was then distributed, and additional deputies joined this lawsuit. Both parties then undertook extensive discovery, including approximately 141 deputy depositions during the summer of 2009. On October 5, 2009, Defendant filed a motion to decertify the collection action. (Dkt. No. 1234.) On January 8, 2010, a final order decertifying the collective action as to the claims of pre-shift, post-shift and missed meal periods was entered dismissing, without prejudice, the claims and tolling the statute of limitations for 60 days so that the opt-in Plaintiffs affected by the ruling had an opportunity to pursue their claims. (Dkt No. 1291). From this ruling, 128 individual lawsuits were filed.

10. Additionally, in March 2010, the Ninth Circuit Court ruled on the claim of donning and doffing. The *Bamonte v. City of Mesa* panel ruled that donning and doffing of the uniform and protective gear is compensable if officers are required to dress at the station due to law, rules of the employer, or nature of the work. On June 10, 2010, this Court granted Defendant's Motion for Reconsideration regarding the claims of donning and doffing. (Dkt. No. 1319). Judgment was entered on June 18, 2010, against all plaintiffs except Margaret Reed. (Dkt. No. 1321.) Plaintiffs filed a Notice of Appeal with the Ninth Circuit on or about July 9, 2010, appealing the Order filed on January 8, 2010, (Dkt. No. 1291) and entered on January 8, 2010, the Order filed on June 10, 2010, (Dkt. No. 1319) and entered on June 10, 2010; and the Judgment 1321 filed on June 18, 2010, (Dkt. No. 1321) and entered June 21, 2010. (Dkt. No. 1324.)

11. Pursuant to 29 U.S.C. § 216(b), a total of about 700 Plaintiffs have joined this action through the "opt-in" process by having their consents filed with the Court.

12. On December 17, 2010, the parties participated in Mediation conducted by the Honorable Howard B. Weiner. The parties continued thereafter to negotiate a settlement of the claims with the assistance of Judge Weiner. As a result of the mediation and continued negotiations, a tentative settlement was reached. The settlement is conditioned on approval by this Court and the County Board.

13. A summary of the terms of the settlement are as follows:

For each Collective Action Plaintiff who has already opted –in to the lawsuit and is currently employed by the County, the County will place 20 hours of non-cashable leave in each Plaintiff's compensatory time off ("CTO") bank. These 20 hours of CTO are subject to the following conditions:

The leave must be used by Collective Action Plaintiffs while employed by the County and shall not be cashed out if it is not used by them prior to retirement from the County, except for Plaintiffs who retire within one year from the final approval of the settlement.

Collective Action Plaintiffs who retire from the County within one year of final approval of the settlement and do not use any of their 20 hours on non-cashable leave will be entitled to cash out 15 of those leave hours.

For Collective Action Plaintiffs who are retired from the County as of the date of final execution of the settlement by all parties, the County will pay Six Hundred Dollars ($600.00) in wages to each Collective Action Plaintiff, which will be subject to normal payroll taxes.

For each non-Plaintiff who has not already opted –in and is currently employed by the County and who wishes to participate in the settlement of this lawsuit, the County will place 10 hours of non-cashable leave in each Plaintiff's CTO bank. These 10 hours of CTO are subject to the following conditions:

/ / /

The leave must be used by Collective Action Plaintiffs while employed by the County and shall not be cashed out if it is not used by them prior to retirement from the County, except for Plaintiffs who retire within one year from the final approval of the settlement.

Non-Plaintiffs who retire from the County within one year of final approval of the settlement and do not use any of their 10 hours on non-cashable leave will be entitled to cash out 5 of those leave hours.

For non-Plaintiffs who are retired from the County as of the date of final execution of the settlement by all parties, the County will pay Three Hundred Dollars ($300.00) in wages to each non-Plaintiff, which will be subject to normal payroll taxes.

The settlement includes a release of FLSA legal rights they have against the County, including releasing any known or unknown claims that were or could have been brought under the FLSA between January 9, 2009, and the effective date of the settlement agreement.

A participant will also acknowledge Compliance with County Rules prohibiting employees from working overtime without compensation and requires them to obtain approval to work overtime and to report all overtime worked on a timesheet.

If anyone opts–out of the settlement, they will have 60 days by Court order to file an individual lawsuit protecting any remaining rights and statute of limitations they may have.

14. The County will make a lump sum payment of $400,000 to Plaintiffs' Counsel for attorney's fees and reimbursement of litigation costs. This payment will be made following this Court's approval of the settlement, the conclusion of all appellate periods, and the time period for the City to void the settlement. Any attorneys seeking fees will make an application to the Court for a pro-rata share of such fees and costs.

15. I believe that the settlement is fair and reasonable under the circumstances for a number of reasons. The primary reason is that the case is essentially dead in the water in that this Court has de-certified the class, except for donning and doffing. That decertification is reviewed on appeal under an abuse of discretion standard. Since there were no errors in law that were used to de-certify the class (in essence, the ruling was primarily based on individual issues predominating), having the Court's decision overturned would be a monumental task. Therefore, the only remaining claim is that of donning and doffing. That claim was dismissed by way of summary judgment based on the recent *Bumonte* decision. The Court held there was no rule that was enforced and applied to everyone that required the Sheriffs to don and doff at the station. After the summary judgment was granted, the only relief available was by appeal.

16. As a result, the expected recovery in this matter could be zero. Nonetheless, I have even considered the possibility of winning the appeal in regards to the donning and doffing claim only. After running some preliminary numbers over Sheriffs payroll records that we received from Defendant through discovery, taking into consideration the GAP and some of its related off-sets, it turns out that a significant number of Sheriffs do not have any damage claim whatsoever. And the overall damages are low even when you take into consideration 100 percent of what the Sheriffs have claimed or estimated is the time it takes them to don and doff their uniform. This is based on the over 140 depositions taken in this matter and client interviews. I have also considered the fact the County believes it takes the Sheriffs less time than the Sheriffs themselves have estimated. Jurors tend to compromise and split the numbers in half. For example, early this year, I tried the *Nolan vs. City of Los Angles* case for four LAPD officers for pre-shift and post-shift activities and missed Code Sevens. The officers testified they showed up to work a minimum of 30 to 60 minutes before their stated shift. The LAPD manual even required them to show up 30 minutes early. The jury however, only awarded on average 15 minutes

for pre-shift activity and no time for post-shift activity, and roughly 40 percent of missed Code -7's, when they testified they missed one hundred percent of their code-7's.

17. I have also considered the fact that many Sheriffs, depending on their duties, may not have a claim for some activities, as they may not exceed the *de-minimus* standard of what some Courts believe is less than six minutes.

18. When all this is taken into consideration, I believe the settlement is fair and reasonable under the circumstances.

19. Attached hereto as Exhibit "1" is a copy of the settlement agreement reached between the parties.

20. Attached hereto as Exhibit "2" is a copy of the proposed Notice to Current And Former Deputy Sheriffs Of The Orange County Sheriff's Department ("non-Plaintiffs), with the proposed Opt-In form. The parties have stipulated to this Notice.

21. Attached hereto as Exhibit "3" is a copy of the Plaintiffs' proposed Notice to Collective Action Plaintiffs (i.e. those deputies who filed Consents to Join this lawsuit), with the proposed Opt-Out form. It is my understanding that Defendant approves the majority of the language within this Notice, as well ast the Opt-Out form. However, there are a few details that will need to be addressed at the hearing on the motion for preliminary approval of settlement before this Notice will be finalized.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 15th day of December 2011 at Claremont, California.

/s/ Greg Hafif

Greg K. Hafif, Declarant

# EXHIBIT "1"

# SETTLEMENT AGREEMENT AND RELEASE

## RECITALS

The purpose of this document is to memorialize an agreement reached by Plaintiffs and Defendant County of Orange ("County") in the 129 lawsuits identified in Appendix "A" to this Settlement Agreement and Release. These cases shall be referred to herein collectively as the "Reed FLSA Litigation".

WHEREAS, Plaintiffs are current or former employees of the County, and are or were employed as deputy sheriffs in the County's Sheriff's Department ("OCSD");

WHEREAS, the lawsuits comprising the Reed FLSA Litigation arise from an initial lawsuit filed by Plaintiff Margaret Reed on November 10, 2005 in the United States District Court, Central District of California entitled *Margaret Reed v. County of Orange*, Case No. CV05-1103 CJC (ANx) alleging that the County, through the OCSD, violated state and federal law by failing to compensate her for a variety of work before and after her shift and during meal breaks.

WHEREAS, the Court dismissed Plaintiff Margaret Reed's state law claims leaving as the sole remaining claim in her case one cause of action for violation of the Fair Labor Standards Act ("FLSA").

WHEREAS, the Court granted Plaintiff Margaret Reed's motion to conditionally certify the case as a Collective Action in 2007 and sent out a notice about the case to over 1600 current and former OCSD deputy sheriffs, and approximately 700 deputies opted-in to the Collective Action after receiving the Court ordered notice.

WHEREAS, after discovery was completed, the Court granted the County's motion to decertify all claims of the remaining 682 opt-in plaintiffs in the Collective Action except for the donning/doffing claims, and dismissed the uncompensated overtime claims of the opt-in plaintiffs in the Collective Action but gave them leave to file new lawsuits against the County on their individual claims other than donning/doffing.

WHEREAS in 2010 the Court granted the County's motion for summary judgment in the Collective Action and dismissed the donning/doffing claims of all Reed plaintiffs, and the Collective Action plaintiffs appealed that decision to the Ninth Circuit Court of Appeals, Ninth Circuit Case No. 10-56130.

WHEREAS, 128 Plaintiffs in addition to Margaret Reed, who are collectively identified in Appendix "A", filed individual lawsuits against the County, which matters are collectively referred to herein as the "Individual Action(s)",

WHEREAS, the Parties wish to avoid the potential uncertainty, expense and delay of litigation and, therefore, have agreed to a settlement of the Individual Actions pending in U.S. District Court and the Collective Action which is pending in the Ninth Circuit Court of Appeal;

WHEREAS, the potential recovery at trial, if any, remains unknown, but the Parties believe that the terms of this Agreement are consistent with and within the range of a reasonable result that Plaintiffs may expect to obtain if they prevail at trial; and

WHEREAS, as a result of their negotiations, the Parties wish to settle, resolve and release all wage and hour disputes and claims that the Plaintiffs in the Individual Actions and Collective Action could potentially assert against the County;

NOW, THEREFORE, in consideration for the mutual promises and undertakings of the Parties as set forth below, Plaintiffs and the County hereby enter into this Agreement and agree as follows:

1. <u>Settlement Amount.</u>

In settlement of all existing or potential wage and hour claims that Plaintiffs in the Individual Actions and the Collective Action may have against the County, including, but not limited to, any other potential wage and hour violations that could be asserted against the County (*e.g.*, failure to pay minimum wage), the County shall pay Plaintiffs the following:

(a)

REDACTED

(b)

REDACTED

(c)

REDACTED





62

REDACTED

(d)

REDACTED

(e) The County will place 20 hours of non-cashable leave in the compensatory time off banks of each of the Collective Action Plaintiffs who are currently employed by the County. That leave must be used by Plaintiffs while employed by the County and shall not be cashed out if it is not used by Plaintiffs prior to their retirement from the County, except for Plaintiffs who retire within one year of the date of execution of this Agreement. Collective Action Plaintiffs who retire from the County within one year of the date of execution of this Agreement and do not use any of their 20 hours of non-cashable leave will be entitled to cash out 15 of those leave hours. For Collective Action Plaintiffs who are retired from the County as of the date of execution of this Agreement, the County will pay each plaintiff Six Hundred Dollars ($600.00) in wages in the same manner set forth in paragraph 1(a) above..

(f) A separate amount of four hundred thousand dollars ($400,000.00) for attorneys' fees and costs in prosecuting the Collective Action Litigation only will be paid by the County to the Attorney's and/or their firms of record as directed by the District Court after application to and approval by the District Court of the attorneys fees and cost motions as to how the $400,000 should be divided. Except as provided here, Plaintiffs and the County will bear their own attorneys' fees and costs. Attorneys and/or their firms of record agree to provide current W-9 forms to the County so payment of the fees and costs mentioned above can be accomplished.

(g) Payment of the settlement amount set forth above (wage payments, attorneys' fees and check to the client trust account for liquidated damages) shall occur within sixty (60) days of the Court's final approval of this Agreement and dismissal of the Individual Actions and Collective Action as provided herein, but only on the condition that each and every Plaintiff has agreed to the Settlement terms, as evidenced by each Plaintiff executing an individual signature page for this Agreement, attached hereto as Appendix "B".

(h) Plaintiffs expressly agree that the allocation of the settlement amount, as provided herein, is fair, just and reasonable and acceptable to them.

(i) For purposes of this agreement, a person who is an Individual Action Plaintiff, as set forth in Appendix A, shall not be considered to be a Collective Action Plaintiff. A person may only recover the amounts set forth in paragraph 1 as either an Individual Action Plaintiff or a Collective Action Plaintiff, but not both.

2. Release and Waiver of Claims.

(a) In consideration for the County's agreement to pay the Individual Action and Collective Action Plaintiffs in accordance with Section 1 above, the 129 Plaintiffs listed in Appendix A and the Collective Action Plaintiffs, on behalf of themselves and their spouses, domestic partners, heirs, representatives, executors, agents, attorneys, administrators, successors-in-interest and assigns, agree to dismiss the Individual Actions and Collective Action with prejudice, and to dismiss and withdraw their interest in any other complaint, claim, grievance or charge that was filed against the County up through the date of execution of this Agreement alleging the same issues raised in the Individual Actions and the Collective Action for failure to pay wages for time worked for the County, including time worked before a work shift, time worked during a meal break period and/or a missed meal break, time worked after a work shift, time worked at home or outside of regular work hours and time spent donning and/or doffing a uniform and any protective gear.

(b) Plaintiffs also agree to release and discharge the County and any elected officials, officers, agents, directors, members, employees (in both their official and individual capacities), attorneys and representatives, and each of them, past and present, from any and all causes of action, actions, judgments, liens, indebtedness, damages, losses, claims, liabilities, and demands of whatsoever kind or character, known or unknown, suspected to exist or not suspected to exist, anticipated or not anticipated, whether or not heretofore brought before any state or federal court or before any state or federal agency or other governmental entity, regarding allegations that the County violated the FLSA in any manner including the Portal to Portal Act, that the County failed to properly pay overtime or minimum wages to Plaintiffs in violation of the California Labor Code, California Industrial Welfare Commission wage orders, any County Code, resolution or ordinance, and any collective bargaining agreement. This Agreement extends to any such complaint, claim, grievance or charge for unpaid compensation that was filed or that could have been filed in any state or federal court, with any administrative body, agency, board, commission, arbitrator or other entity whatsoever, including the United States Department of Labor, the California Labor Commissioner and the California Division of Labor Standards Enforcement. This release does not extend to claims already made by Plaintiffs in the case entitled *Siegmund v. County of Orange*, USDC Case No., SACV07-1387CJC, which is currently pending in the Ninth Circuit Court of Appeals, Case No. 10-55973.

(c) The Parties expressly consent to and authorize their counsel to seek Court approval of the Agreement on their behalf. The Parties shall submit a Stipulation and Order to the Court at the earliest opportunity after all Parties have fully completed each individual signature page and shall jointly request the Court to accept and approve the Stipulation and Order. The Parties also agree that their counsel shall prepare documentation as may be required by the Court to effectuate the settlement.

(d) Plaintiffs who are still employed by the County agree to comply with County and Orange County Sheriff's Department rules prohibiting employees from working overtime without compensation. Plaintiffs acknowledge that those rules require them to obtain approval to work overtime and to report all overtime worked on a timesheet.

3. Jurisdiction. This Agreement is executed and delivered in the State of California and the rights and obligations of the Parties hereunder shall be construed and enforced in accordance with the laws of the State of California. This Agreement may be executed in counterparts. Except as provided in this Agreement, all executed copies are duplicate originals and are equally admissible in evidence.

4. Right to Appeal. Provided the Court enters the Stipulation and Order referred to above, the Parties shall waive all rights to appeal, to vacate or to set-aside, and collaterally attack the Stipulation and Order.

5. Release of Unknown Claims. Plaintiffs, and each of them, hereby waive any and all rights or benefits that any of them may have under Section 1542 of the Civil Code of the State of California, which provides:

> "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

Plaintiffs, and each of them, respectively, acknowledge that they understand the effect of this waiver pursuant to Civil Code Section 1542, and that they are represented and have been advised of this release by their counsel.

6. Acknowledgment of Release. In entering into this Agreement, Plaintiffs knowingly and voluntarily acknowledge, consent and agree to the "Notice to Employee Under the Fair Labor Standards Act" as contained in the United States Department of Labor's Receipt for Payment of Lost or Denied Wages, Employee Benefits, or Other Compensation (Form WH-58) which provides as follows: "Your acceptance of back wages due under the Fair Labor Standards Act means that you have given up any right you may have to bring suit for such back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs. Generally, a 2-year statute of limitations applies to the recovery of back wages. Do not sign this receipt unless you have actually received payment of the back wages due." Plaintiffs acknowledge that they will not receive any payments under this Agreement until sixty (60) days after the Court's final approval of this Agreement and dismissal of the Individual Actions and Collective Action.

7. Knowledge of Parties. Plaintiffs and County, respectively, understand and agree to the settlement, this Agreement and the terms and conditions contained herein, and enter into this Agreement knowingly and voluntarily. Plaintiffs have been advised that they have the right to seek legal advice with respect to this Agreement, including the release, have had the opportunity to consult with counsel, and have in fact consulted with counsel of their choice. The Parties have investigated the facts pertaining to the settlement and the Agreement and all matters pertaining thereto as deemed necessary. The Parties have relied upon their judgment, belief,

knowledge, understanding and expertise after consultation with their counsel concerning the legal effect of the settlement and its terms. By signing this document and the documents referred to herein, the Parties signify their full understanding, agreement, and acceptance of the Agreement.

8. Entire Agreement. This Agreement and the Stipulation and Order contain the entire agreement of the Parties regarding the subject matter of this agreement and shall constitute the final understanding between the Parties hereto. All prior negotiations made or which have occurred prior to the date of this Agreement are merged into this Agreement.

9. No Additional Representations. Except for the terms of this Agreement, Plaintiffs and the County, respectively, have not relied upon any statement or representation, written or oral, made by any Party, or any of their respective agents, attorneys or any other person, regarding any matter including, but not limited to, the federal or state income tax consequences of the Agreement to any Party. The Parties expressly acknowledge and agree that they have relied solely upon the advice of their own attorneys and/or accountants as to the tax and benefit consequences of the Agreement.

10. Warranty of Non-Assignment. The Parties warrant that they have not assigned any of the claims or portions of the claims that are the subject of this Agreement.

11. Binding Agreement. The Agreement and all documents referred to herein, shall bind and inure to the benefit of and each of the Parties hereto and their spouses, domestic partners, children, heirs, estates, administrators, representatives, executors, attorneys' successors and assigns. Except as expressly provided herein, this Agreement is not for the benefit of any person not a Party hereto or any person or entity not specifically identified as a beneficiary herein or specifically identified herein as a person or entity released hereby. The Agreement is not intended to constitute a third party beneficiary contract.

12. Authority to Execute. Each Party hereto warrants to the other Party or Parties that he, she or it has the full power and authority to execute, deliver and perform under this Agreement and all documents referred to herein, and that any needed consent or approval from any other person has been obtained.

13. Confidentiality and Disclosure of Terms. The Parties each agree to maintain the confidentiality of the negotiations underlying this agreement to the extent permitted by law, and agree that they shall not voluntarily and publicly discuss the negotiations, except as necessary in the ordinary course of County business. This provision shall not extend to any information relating to the negotiations of this Agreement that the County may be required to disclose pursuant to the requirements of the Ralph M. Brown Act, Government Code section 54950, et seq., or California Public Records Act, Government Code section 6250, et seq., and the provisions of any other law or regulation requiring disclosure of information by public entities.

14. Duty to Act in Good Faith. The Parties shall act in good faith and use their reasonable good faith efforts after the execution of this Agreement to ensure that their respective obligations hereunder are fully and punctually performed. The Parties shall promptly perform

any further acts and execute and deliver any other documents or instruments that may be reasonably necessary to carry out the provisions of this Agreement.

15. Interpretation and Construction. Any ambiguities or uncertainties herein shall be equally and fairly interpreted and construed without reference to the identity of the Party or Parties preparing this document or the documents referred to herein, on the understanding that the Parties participated equally in the negotiation and preparation of the Agreement and the documents referred to herein, or have had equal opportunity to do so. The headings used herein are for reference only and shall not affect the construction of this Agreement.

16. Governing Law and Venue. The settlement, this Agreement, and the documents referred to herein, shall be interpreted in accordance with the laws of the State of California, and if necessary, federal law. To the extent that any Party brings an action to enforce the terms of this Agreement, such action shall be filed and prosecuted in the Los Angeles County Superior Court and/or the United States District Court for the Central District of California, to the extent of that court's jurisdiction.

17. Breach, Waiver and Amendment. No breach of this Agreement or of any provision herein can be waived except by an express written waiver executed by the Party waiving such breach. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or other provisions of this Agreement. The Agreement may be amended, altered, modified or otherwise changed in any respect or particular only by a writing duly executed by the Parties hereto or their authorized representatives that specifically states it is a modification of this Agreement.

18. Exhibits. All appendices and schedules attached to this Agreement are hereby incorporated into this Agreement as though fully set forth herein.

19. Execution. This Agreement, and any document referred to herein, may be executed in any number of counterparts, each of which may be deemed an original and all of which together shall constitute a single instrument. The Parties agree that Execution of this Agreement by the County may only occur through its Board of Supervisors after all Individual Action and Collective Action Plaintiffs have executed the Agreement by signing a copy of Appendix B. The parties acknowledge that a condition precedent to the County executing this Agreement is that the Court approve the terms of the Agreement and that at least 80% of the deputies who could assert the same claims as the Individual Action and Collective Action Plaintiffs agree to also settle their potential claims against the County.

20. Agreement Does Not Establish Precedent. The Parties agree that the terms of this Agreement are binding and will not establish any precedent, nor will this Agreement be used as a basis by the Parties or anyone else to seek or justify similar terms in any subsequent case.

21. Effective Date. This Agreement shall become effective immediately following execution by all of the Parties, on the latest date appearing below.

IN WITNESS WHEREOF, the Parties hereto have executed this Settlement Agreement and Release.

______________, 2011

By:___________________________
[insert name]
[insert title]
for Defendant County of Orange

**SIGNATURES OF INDIVIDUAL PLAINTIFFS ARE CONTAINED ON SEPARATE SIGNATURE PAGES ATTACHED AND INCLUDED HEREIN BY THIS REFERENCE.**

**APPROVED AS TO FORM AND CONTENT:**

LIEBERT CASSIDY WHITMORE

Dated: ______________, 2011

By: ___________________________
Brian P. Walter
Attorneys for Defendants
COUNTY OF ORANGE

LAW OFFICES OF HERBERT HAFIF, APC

Dated: ______________, 2011

By:___________________________
Greg K. Hafif
Attorneys for Plaintiffs

**APPENDIX A**

| Last Name | First Name | Case Number |
| --- | --- | --- |

REDACTED

REDACTED

| Last Name | First Name | Case Number |
|---|---|---|

REDACTED

REDACTED

| Last Name | First Name | Case Number |
|---|---|---|

REDACTED





21

REDACTED

## APPENDIX B

## SETTLEMENT AGREEMENT AND RELEASE - INDIVIDUAL SIGNATURE PAGE

_________________ *v. County of Orange,* United States District Court, Central District of California, Case No. CV «Individual_Case_No»05-1103 CJC (ANx) and the related Reed FLSA Litigation matters identified in Appendix "A".

I, the undersigned, by signing below, hereby acknowledge that I have reviewed, understand and agree to the terms and conditions contained in the Settlement Agreement and Release ("Agreement"), as set forth in the twelve pages of the Agreement above. I have sought the advice of my counsel with respect to any questions I might have regarding my rights and obligations.

I specifically acknowledge that my release of my claim for back wages due under the Fair Labor Standards Act means that I have given up any right that I may have to bring suit for back wages under Section 16(b) of that Act. Section 16(b) provides that an employee may bring suit on his/her own behalf for unpaid minimum wages and/or overtime compensation and an equal amount as liquidated damages, plus attorney's fees and court costs.

Dated: ______________________

Signature: ________________________________

Type or Legibly Print Name: ______________________________________________

Current Mailing Address: _________________________________________________

______________________________________________________________________

# EXHIBIT "2"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARGARET REED, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

COUNTY OF ORANGE; AND DOES 1 through 10, inclusive,

Defendants.

Case No. CV05-1103 CJC (ANx)

**NOTICE OF (1) PROPOSED COLLECTIVE ACTION SETTLEMENT AND (2) FINAL SETTLEMENT APPROVAL HEARING**

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS: *PLEASE READ***

**TO CURRENT AND FORMER DEPUTY SHERIFFS OF THE ORANGE COUNTY SHERIFF'S DEPARTMENT:**

## I. SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS

I.A. Certain current and former deputy sheriffs of the County of Orange ("County") Sheriff's Department brought a federal lawsuit alleging that the County violated the Fair Labor Standards Act ("FLSA") by allegedly failing to pay overtime owed to the County's deputy sheriffs. This lawsuit is entitled *Margaret Reed v. County of Orange*, Case No. CV05-1103 CJC (ANx).

I.B. The parties to this lawsuit have reached a proposed Settlement Agreement. The Court has conditionally approved the settlement. You have received this Notice because you are being given an opportunity to participate in the settlement even though you were not a plaintiff in this lawsuit (the "non-Plaintiffs"). This notice is designed to inform you of how you can (1) participate in the settlement or (2) comment against the settlement.

If you do not affirmatively elect to participate in the settlement, and if the settlement is finally approved by the Court, you will not receive any benefits provided under the settlement because it will not be binding upon you, even if you object to the settlement. You should read and respond to this Notice in order to protect certain rights that you have.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

I.C. Every current or former deputy sheriff employed by the County that held the rank of deputy, investigator or sergeant after January 9, 2009 is being given the opportunity to participate in the settlement.

## II. BACKGROUND OF THE CASE

II.A. The Claims at Issue. On November 10, 2005, Plaintiff Margaret Reed filed a collective action complaint entitled *Margaret Reed v. County of Orange*, Case No. CV05-1103 CJC (ANx) in this Court. In the lawsuit, Plaintiff Reed alleged that the County, through the OCSD, violated state and federal law by failing to compensate her and similarly situated deputy sheriffs for a variety of work before and after their shift and during meal breaks. The Court dismissed Plaintiff Reed's state law claims leaving as the sole remaining claim one cause of action for violation of the FLSA.

II.B. The Notice and Consent to Join Forms Sent to Collective Action Plaintiffs. On February 12, 2007, the Court granted Plaintiff Reed's motion to conditionally certify the case as a Collective Action in 2007. A notice about the case was sent to over 1600 current and former OCSD deputy sheriffs on September 12, 2007, and approximately 700 deputies opted-in to the Collective Action after receiving the Court ordered notice. After discovery was completed, the Court granted the County's motion to decertify all claims of the remaining 682 opt-in plaintiffs in the Collective Action except for the donning/doffing claims, and dismissed the uncompensated overtime claims of the opt-in plaintiffs in the Collective Action but gave them leave to file new lawsuits against the County on their individual claims other than donning/doffing.

II.C. Further Litigation of the Collective Action. The Court granted the County's motion for summary judgment in the Collective Action and dismissed the donning/doffing claims of all Collective Action Plaintiffs, and the Collective Action Plaintiffs appealed that decision to the Ninth Circuit Court of Appeals, Ninth Circuit Case No. 10-56130.

II.D. The Settlement. The parties participated in extensive settlement discussions and reached a settlement. The settlement represents a compromise regarding disputed claims, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have determined that the settlement is fair, reasonable, and adequate and is in the best interests of the Collective Action Plaintiffs.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045



25

## III. SUMMARY OF THE SETTLEMENT

A summary of the terms of the agreement are as follows:

III.A. For each non-Plaintiff who is currently employed by the County and who wishes to participate in the settlement of this lawsuit, the County will place 10 hours of non-cashable leave in each non-Plaintiff's CTO bank. These 10 hours of CTO are subject to the following conditions:

(i) The leave must be used by non-Plaintiffs while employed by the County and shall not be cashed out if it is not used prior to their retirement from the County, except for non-Plaintiffs who retire within one year from the final approval of the settlement.

(ii) Non-Plaintiffs who retire from the County within one year of final approval of the settlement and do not use any of their 10 hours on non-cashable leave will be entitled to cash out 5 of those leave hours, only.

III.B For non-Plaintiffs who are retired from the County as of the date of final execution of the settlement by all parties, the County will pay Three Hundred Dollars ($300.00) in wages to each non-Plaintiff which will be subject to normal payroll taxes.

III.C. Release of Claims. The settlement includes a release of certain legal rights you may have against the County. Specifically, you shall be deemed to have released any known or unknown claims that were or could have been brought under the FLSA between January 9, 2009 and the effective date of the settlement agreement.

III.D. Compliance with County Rules. If you elect to participate in the settlement and are still employed by the County, you agree to comply with the County and Orange County Sheriff's Department rules prohibiting employees from working overtime without compensation. You acknowledge that those rules require you to obtain approval to work overtime and to report all overtime worked on a timesheet.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045



26

## IV. WHAT ARE MY RIGHTS?

IV.A. How Do I Participate in the Settlement? If you want to participate in the settlement, you must sign and return the "Opt-In" form that is attached to this Notice as Exhibit A. The "Opt-In" form should be returned by mail to the Law Offices of Herbert Hafif, 269 W. Bonita Avenue, Claremont, and CA. 91711. The "Opt-In" form must be postmarked by April 2, 2012, or you will lose the right to participate in the settlement and you will not receive the benefit of any of the settlement terms.

If you do not sign and return the "Opt-In" form, you keep and can assert any and all rights that you have to pursue any claims that you might have under the FLSA against the County. However, you will not receive any of the benefits provided under this Settlement Agreement.

PLEASE BE ADVISED that the settlement reached by the parties is tentative and is still subject to final approval by the County, the County's Board of Supervisors and the Court. See Section V.A. below.

IV.B. If you have any questions about this Notice or your rights under the above-described settlement terms, contact the Collective Action Plaintiffs' attorney:

Greg Hafif, Esq.
Fenja Klaus, Esq.
Law Offices of Herbert Hafif
269 W. Bonita Ave.
Claremont, CA 91711
909-624-1671
rachael@hafif.com

Gregory G. Petersen, Esq.
Barge, Petersen & Odenbreit, LLP
18301 Von Karman Avenue, Suite 330
Irvine, CA. 92612
949-335-3500
gpetersen@bpolawyers.com

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045



97

IV.C. If you wish to object to the settlement you may file an objection with the Court. The objection must be filed with the Court and mailed to both the Law Offices of Herbert Hafif at the address set forth in Section IV.B by April 2, 2012. A copy of the objection should also be mailed to the County's attorney Brian P. Walter at Liebert Cassidy Whitmore, 6033 W. Century Boulevard, Suite 500, Los Angeles, CA 90045. Any objections filed, served and received after April 2, 2012 will be invalid, void and not considered. If you filed a valid and timely objection you may be heard at the final approval hearing set by the Court.

## V. FINAL SETTLEMENT APPROVAL HEARING

V.A. The Court will hold a final approval hearing on June 4, 2012 at 3:30 p.m. in Courtroom 9B of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, before the Honorable Cormac Carney, District Judge presiding. The purpose of the hearing will be to determine whether the settlement should be finally approved as fair, reasonable and adequate. The hearing may be postponed without further notice to the Collective Action Class. It is not necessary for you to appear at this hearing. You may appear at the hearing if you wish, if you have given notice of your objections to the settlement under the procedures set forth in Section IV.C above.

## VI. OTHER INFORMATION

VI.A. The County, the County's attorneys, and the attorneys for the Collective Action Plaintiffs make no representations regarding any federal or state income tax consequences that may be applicable to the settlement. Any perceived tax advice in this Notice is not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax penalties that may be imposed on any person.

VI.B. This Notice provides only a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you are referred to the detailed Settlement Agreement which will be on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at any time during regular business hours with the Clerk of the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045



28

ATTACHMENT

**OPT IN NOTICE**

I, ______________________________, hereby opt in to the settlement in the federal court action entitled *Margaret Reed v. County of Orange*, Case No. CV05-1103 CJC (ANx). By submitting this Opt In form, I hereby consent to join the *Reed* collective action litigation. I understand that this means I am participating in the settlement of my claims in the *Reed* collective action. I also understand that I am releasing all claims I could have brought under the Fair Labor Standards Act between January 9, 2009 and the date that the settlement is finally approved.

My current residence address and contact information is (please print clearly):

Address: ______________________________

City: ______________________________

State: ______________________ Zip Code: ______________

E-mail: ______________________________

Telephone (home): ______________________________

Telephone (cell): ______________________________

Dated: ________________, 2012

______________________________
(Print Name Clearly)

______________________________
(Signature)

______________________________
(OCSD PID – active duty)

______________________________
(Social Security Number – retired)

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045



29

# EXHIBIT "3"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MARGARET REED, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

COUNTY OF ORANGE; AND DOES 1 through 10, inclusive,

Defendants.

Case No. CV05-1103 CJC (ANx)

**NOTICE OF (1) PROPOSED COLLECTIVE ACTION SETTLEMENT AND (2) FINAL SETTLEMENT APPROVAL HEARING**

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS: *PLEASE READ***

**TO ALL COLLECTIVE ACTION PLAINTIFFS:**

## I. SUMMARY OF THE SETTLEMENT AND YOUR RIGHTS

I.A. Certain current and former deputy sheriffs of the County of Orange ("County") Sheriff's Department brought a federal lawsuit alleging that the County violated the Fair Labor Standards Act ("FLSA") by allegedly failing to pay overtime owed to the County's deputy sheriffs. This lawsuit is entitled *Margaret Reed v. County of Orange*, Case No. CV05-1103 CJC (ANx).

I.B. The parties to this lawsuit have reached a proposed settlement agreement. The Court has conditionally approved the settlement. You have received this Notice because you filed a "Consent to Join this Action" form and are a member of this lawsuit. This Notice is designed to inform you of how you can (1) comment against the settlement, or (2) elect to be excluded from the settlement. If you do not elect to be excluded from the settlement, and if the settlement is finally approved by the Court, the settlement will be binding upon you, even if you object to the settlement. You should read and respond to this Notice in order to protect certain rights that you have.

I.C. The terms of the proposed settlement apply to every current or former deputy sheriff employed by the County that held the rank of deputy, investigator or sergeant during the period from September 12, 2004 to January 3, 2012.

## II. BACKGROUND OF THE CASE

II.A. The Claims at Issue. On November 10, 2005, Plaintiff Margaret Reed filed a collective action complaint entitled *Margaret Reed v. County of Orange*, Case No. CV05-1103 CJC (ANx) in this Court. In the lawsuit, Plaintiff Reed alleged that the County, through the OCSD, violated state and federal law by failing to compensate her and similarly situated deputy sheriffs for a variety of work before and after their shift and during meal breaks. The Court dismissed Plaintiff Reed's state law claims leaving as the sole remaining claim one cause of action for violation of the FLSA.

II.B. The Notice and Consent to Join Forms Sent to Collective Action Plaintiffs. On February 12, 2007, the Court granted Plaintiff Reed's motion to conditionally certify the case as a Collective Action in 2007. A notice about the case was sent to over 1600 current and former OCSD deputy sheriffs on September 12, 2007, and approximately 700 deputies opted-in to the Collective Action after receiving the Court ordered notice. After discovery was completed, the Court granted the County's motion to decertify all claims of the remaining 682 opt-in plaintiffs in the Collective Action except for the donning/doffing claims, and dismissed the uncompensated overtime claims of the opt-in plaintiffs in the Collective Action but gave them leave to file new lawsuits against the County on their individual claims other than donning/doffing.

II.C. Further Litigation of the Collective Action. The Court granted the County's motion for summary judgment in the Collective Action and dismissed the donning/doffing claims of all Collective Action Plaintiffs, and the Collective Action Plaintiffs appealed that decision to the Ninth Circuit Court of Appeals, Ninth Circuit Case No. 10-56130.

II.D. The Settlement. The parties participated in extensive settlement discussions and reached a settlement. The settlement represents a compromise regarding disputed claims, considering the risks and uncertainties to each side of continued litigation. The parties and their counsel have determined that the settlement is fair, reasonable, and adequate and is in the best interests of the Collective Action Plaintiffs.

///

///

///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

## III. SUMMARY OF THE SETTLEMENT

A summary of the terms of the agreement are as follows:

III.A. For each Collective Action Plaintiff who is currently employed by the County, the County will place 20 hours of non-cashable leave in each Plaintiff's compensatory time off ("CTO") bank. These 20 hours of CTO are subject to the following conditions:

(i) The leave must be used by Collective Action Plaintiffs while employed by the County and shall not be cashed out if it is not used by them prior to retirement from the County, except for Plaintiffs who retire within one year from the final approval of the settlement.

(ii) Collective Action Plaintiffs who retire from the County within one year of final approval of the settlement and do not use any of their 20 hours on non-cashable leave will be entitled to cash out 15 of those leave hours.

III.B. For Collective Action Plaintiffs who are retired from the County as of the date of final execution of the settlement by all parties, the County will pay Six Hundred Dollars ($600.00) in wages to each Collective Action Plaintiff which will be subject to normal payroll taxes.

III.C. Release of Claims. The settlement includes a release of certain legal rights you may have against the County including your right to appeal the Court's dismissal of the donning/doffing claim. Specifically, you shall be deemed to have released any known or unknown claims that were or could have been brought under the FLSA during your employment with the County as of the effective date of the settlement agreement.

III.D. Compliance with County Rules. Collective Action Plaintiffs still employed by the County agree to comply with the County and Orange County Sheriff's Department rules prohibiting employees from working overtime without compensation. The Collective Action Plaintiffs acknowledge that those rules require them to obtain approval to work overtime and to report all overtime worked on a timesheet.

/ / /

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

## IV. WHAT ARE MY RIGHTS AS A COLLECTIVE ACTION CLASS MEMBER?

IV.A. If you signed and filed a "Consent to Join this Action" form and have not revoked that consent, you do not need to take any action at this time. The settlement terms will apply to you at the time the settlement agreement receives final approval unless you sign and return the "Opt-Out" form that is attached hereto as Exhibit A.

PLEASE BE ADVISED that the settlement reached by the parties is tentative and is still subject to final approval by the County, the County's Board of Supervisors and the Court. See Section V.A. below.

IV.B. If you decide to opt-out of the settlement, your Opt-Out form must be postmarked by April 2, 2012, or you will lose the right to do so and you will be bound by the settlement terms. If you timely Opt-Out, you will have 60 days after the Court's final approval of the settlement to file a new claim/lawsuit that will protect your original statute of limitations based upon your original date of filing your Consent to Join the Action. If you do not file within these 60 days, you will waive those time frames to recover and be limited to two or three years back from the filing of your new individual claim/lawsuit. However, at this time because you did not file an individual action in June 2010 after the case was de-certified by the Court, your rights may be severely limited, such that you do not have any claims dating back past two or three years from final approval of the settlement for pre-shift, post-shift and Code -7 activities other than pursuing the appellate rights for the dismissal of the donning and doffing claim.

IV.C. If you have any questions about this Notice or your rights under the above-described settlement terms, contact the Collective Action Plaintiffs' attorneys:

Greg Hafif, Esq.
Fenja Klaus, Esq.
Law Offices of Herbert Hafif
269 W. Bonita Avenue
Claremont, CA 91711
909-624-1671
rachael@hafif.com

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045



33

Gregory G. Petersen, Esq.
Barge, Petersen & Odenbreit, LLP
18301 Von Karman Avenue, Suite 330
Irvine, CA 92612
949-335-3500
gpetersen@bpolawyers.com

IV.D. If you decide to opt-out of the settlement, fill out and sign the attached Opt-Out form and mail it to the Law Offices of Herbert Hafif at 265 W. Bonita Avenue, Claremont, California, CA 91711. The Opt-Out Notice must be postmarked by April 2, 2012.

IV.E. If you wish to object to the settlement you may file an objection with the Court. The objection must be filed with the Court and mailed to both the Law Offices of Herbert Hafif at the address set forth in Section IV.D by April 2, 2012. A copy of the objection should also be mailed to the County's attorney Brian P. Walter at Liebert Cassidy Whitmore, 6033 W. Century Boulevard, Suite 500, Los Angeles, CA 90045. Any objections filed, served and received after April 2, 2012 will be invalid, void and not considered. If you filed a valid and timely objection you may be heard at the final approval hearing set by the Court. However, if the Court grants final approval to the settlement, you will still be bound by the settlement unless you opt-out of the lawsuit pursuant to Sections IV.B and IV.D above.

## V. FINAL SETTLEMENT APPROVAL HEARING

V.A. The Court will hold a final approval hearing on June 4, 2012 at 3:30 p.m. in Courtroom 9B of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, CA 92701, before the Honorable Cormac Carney, District Judge presiding. The purpose of the hearing will be to determine whether the settlement should be finally approved as fair, reasonable and adequate. The hearing may be postponed without further notice to the Collective Action Class. It is not necessary for you to appear at this hearing. You may appear at the hearing if you wish, if you have given notice of your objections to the settlement under the procedures set forth in Section IV.E above.

///

///

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

## VI. OTHER INFORMATION

VI.A. The County, the County's attorneys, and the attorneys for the Collective Action Plaintiffs make no representations regarding any federal or state income tax consequences that may be applicable to the settlement. Any perceived tax advice in this Notice is not intended or written to be used, and it cannot be used by any recipient, for the purpose of avoiding any tax penalties that may be imposed on any person.

VI.B. This Notice provides only a summary of the basic terms of the settlement. For the precise terms and conditions of the settlement, you are referred to the detailed Settlement Agreement which will be on file with the Clerk of the Court. The pleadings and other records in this litigation, including the Settlement Agreement, may be examined at any time during regular business hours with the Clerk of the United States District Court for the Central District of California, 411 West Fourth Street, Santa Ana, CA 92701.

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

LIEBERT CASSIDY WHITMORE
A Professional Law Corporation
6033 W. Century Boulevard, Suite 500
Los Angeles, CA 90045

ATTACHMENT

**OPT- OUT NOTICE**

I, ______________________________, hereby opt out of the Settlement in the federal court action entitled *Margaret Reed v. County of Orange*, Case No. CV05-1103 CJC (ANx).

My current residence address and contact information is (please print clearly):

Address: ______________________________

City: ______________________________

State: ______________________ Zip Code: ______________

E-mail: ______________________________

Telephone (home): ______________________________

Telephone (cell): ______________________________

Dated: ________________, 2012

______________________________
(Print Name Clearly)

______________________________
(Signature)

______________________________
(OCSD PID – active duty)

______________________________
(Social Security Number – retired)



36